**C.H. BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 88–SC–579–MR.

Supreme Court of Kentucky.

Jan. 18, 1990.

Rehearing Denied June 28, 1990.

Henry E. Hughes, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen. and Jill Hall, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

COMBS, Justice.

On October 26, 1987, a Fayette County Grand Jury returned an indictment against appellant and one Johnny Edwards. Count 1 of the indictment alleged:

On or about the 14th day of April, 1984, in Fayette County, Kentucky, the above named Defendant, C.H. Brown, committed the capital offense of murder by stabbing Kevin Donica with a knife during the course of committing a first degree robbery:

Count 2 of the indictment alleged:

On or about the 14th day of April, 1984, in Fayette County, Kentucky, the Defendants committed the offense of first degree robbery when the Defendant, C.H. Brown, threatened the use of a knife with intent to accomplish a theft from Kevin Donica while aided and assisted by the Defendant, Johnny Edwards;

On May 18, 1988, Edwards, entered a guilty plea to the offense of criminal facilitation to commit robbery in the first degree. In consideration of his testimony against appellant, the Commonwealth recommended, and the court imposed, a minimal sentence of two years in the state penitentiary.

After a lengthy trial the jury returned a not guilty verdict on the murder charge. After thirteen hours of deliberation and a total of eleven handwritten questions the jury found appellant guilty of robbery.

Appellant argues as grounds for reversal that the trial court erred in not sustaining his motion for mistrial in the face of repeated references to appellant's involvement in other crimes, and that such references denied him due process and a fair trial. Secondly, appellant contends that the trial court erred in overruling his motion for directed verdict and motion for judgment n.o.v. because the evidence was insufficient to establish that he "stole money from the decedent".

Prior to trial, counsel for the parties met and agreed that certain references to other suspected criminal activity would be deleted from a statement to be read to the jury.

The following dialogue is taken from the transcript and is part of the statement read by the police officer in response to questions by the Commonwealth:

Captain Bizzack: He mention being involved in any other types of robberies in Fayette County at all:

Mr. Bouvier: Well, he mentioned—he mentioned something about that there was two other killings that they were going to—

Mr. Hughes: Your Honor, I object. Like to approach the bench. That's exactly what we talked about.

A motion for a mistrial was denied. As the testimony proceeded, Captain Bizzack read from notes of an interview with appellant:

... Sergeant Root and I interviewed C.H. Brown at the Fayette County Detention Center. Brown was incarcerated for robbery offense that took place—

Counsel for appellant then renewed his motion for mistrial by the following dialogue at the bench:

Mr. Hughes: Comes the Defendant and moves the Court for a mistrial. This is the second mention that he was incarcerated on a robbery offense which has nothing to do with this case.

The Court: Okay, I'll put him back in jail and we'll continue it. Try it again.

Mr. Bouvier: Could—Could I—

Mr. Hughes: I don't understand the reason.

The Court: What do you mean your reason? He's threatened two witnesses according to some of the witnesses in this case.

Mr. Hughes: Threatened two witness?

The Court: That's right. According to the testimony he has. I'm not going to let him out on bond threatening two witnesses. If you want the mistrial, we'll go ahead.

Defense counsel then, in effect, withdrew the motion. After a short break the court continued its remarks:

The Court: Before we took the recess, the Court advised counsel for the Defendant that if he granted the mistrial he would have to revoke the defendant's bond and put him back in jail and I think the defendant objects to that and I want the record to reflect that that's not coercion on the part of the Court. And I've had an opportunity to think about it and I don't want the defendant to feel that it's coercion. I'm going to make a ruling on his motion for a mistrial. First of all, the Court would make a finding of fact that the Commonwealth is not intentionally attempting to get into evidence other crimes and I don't think any testimony has been prejudicial up to this point due to the fact that the jury is well aware that he's in the Detention Center for some charge because that's where they did the interviewing. There's been no objection to that. So then he's in the Detention Center and I don't think he's been prejudiced by those statements which were inadvertently made by the witness. And I'll overrule the motion for a mistrial.

The Commonwealth, in responding to appellant's argument, contends that the defense refused to accept an offered declaration of a mistrial, and further that the trial court properly overruled appellant's motion. The inconsistency of these contentions reflects the procedural and substantive anomalies present in this record. A motion for mistrial is provisionally granted; due to the proviso, the motion is withdrawn; the motion is then denied by the court.

Even assuming that the ultimate ruling of the court, when viewed in isolation, was within the parameters of sound judicial discretion, we believe that prejudicial error occurred in the events preceding that ruling. The record reveals that the court had concluded as a matter of law that the defendant was entitled to a new trial. RCr 9.58. Sound basis for this conclusion is evident in the testimony regarding other, similar crimes with which the defendant was charged, particularly in view of the pretrial agreement whereby such referenc-

es were to be omitted. The trial court forewarned defense counsel, however, that upon declaring a mistrial the court would order that the defendant be held in custody pending a new trial. Confronted with this prospect, counsel stated that he did not want a mistrial.

■ We believe that the trial court erred in imposing the condition of detention upon its decision to grant a new trial. RCr 4.40 states:

### Review of Conditions of Release

(1) The defendant or the Commonwealth may by written motion apply for a change of conditions of release at any time before the defendant's trial. The motion shall state the grounds on which the change is sought. The moving party may request an adversary hearing on his motion, and is entitled to such hearing the first time he requests it. Requests for adversary hearings made in subsequent motions for review of conditions of release shall lie within the discretion of the court.

(2) Whenever the court denies the specific relief requested, the judge shall record in writing his reasons for so doing.

(3) Motion for change of conditions of release must be in good faith. Where the defendant has appeared when required at previous proceedings in the case, the Commonwealth must demonstrate by clear and convincing evidence the need to modify existing conditions of release.

The court in the present case announced a change of conditions of release without a motion of the Commonwealth requesting or stating grounds for such change, and without a demonstration by clear and convincing evidence the need to modify existing conditions. That this error was prejudicial to the defendant is beyond question, as it induced him to decline the new trial to which the court had determined he was entitled. The subsequent ruling on the motion was not curative, and was in fact a ruling on a nullity, as the motion had been withdrawn due to the error of the court.

■ With respect to appellant's second assignment of error, we conclude that the record contains sufficient probative evidence which, when viewed in its totality and in a light most favorable to the Commonwealth, would permit a jury reasonably to return a verdict of guilt. *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983); *Hodges v. Commonwealth*, Ky., 473 S.W.2d 811 (1971). The direct evidence included the testimony of Johnny Edwards that the defendant had sought his aid in robbing the victim, and that he (Brown) had demanded money from the victim and, being refused, stabbed him. This evidence, and the fair and reasonable inferences favorable to the prosecution which may be drawn from it, must be taken as true when considering a motion for a directed verdict or judgment n.o.v. Questions of credibility and weight of the evidence are for the jury. *Commonwealth v. Sawhill, supra*. The same applies, of course, to the evidence of J.B. Preston. Viewing the record as a whole, we cannot conclude that it was clearly unreasonable for a jury to find the defendant guilty. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). We hold that the court did not err in its rulings on the defense motions for a directed verdict and judgment n.o.v.

The judgment of the Fayette Circuit Court is reversed and the case is remanded with directions to grant appellant a new trial on Count 2 of the indictment.

STEPHENS, C.J., and LAMBERT and VANCE, JJ., concur.

LEIBSON, J., dissents by separate opinion, in which GANT and WINTERSHEIMER, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Appellant's lawyer, after consulting with his client, refused the judge's ruling when the judge agreed with counsel that the evidence was inadmissible and offered a mistrial. There was no coercion in the judge's ruling. It is irrelevant that the judge later changed his ruling after a re-

cess. Counsel and his client should have taken relief when the offer was afforded.

A well represented litigant is not entitled to two bites of the apple.

GANT and WINTERSHEIMER, JJ., join this dissent.