**James H. BAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 97–SC–476–TG.

Supreme Court of Kentucky.

May 21, 1998.

Rehearing Denied Sept. 3, 1998.

John Palombi, Assistant Public Advocate, Frankfort, for Appellant.

A.B. Chandler III, Attorney General, Frankfort, Christopher M. Brown, Assistant Attorney General, Frankfort, for Appellee.

STEPHENS, Chief Justice.

Appellant, James H. Baker, appeals from a decision of the Jefferson Circuit Court sentencing him to twenty years imprisonment on one count of unlawful imprisonment in the first degree enhanced by a persistent felony offender in the first degree conviction. He appeals as a matter of right. Finding no error, we affirm.

Appellant was charged with kidnapping and sexual abuse against the victim, L.T., and being a persistent felony offender. The charges resulted from an incident which oc-

curred on February 19–20, 1996, in Louisville, Kentucky. He was acquitted of kidnapping and sexual abuse, but was found guilty of unlawful imprisonment, first degree, and of being a persistent felony offender, first degree, and sentenced to twenty years imprisonment. Appellant now raises two issues on appeal.

The first issue on appeal is sufficiency of the evidence presented against appellant. Appellant argues that the Commonwealth failed to prove an essential element of the crime of unlawful imprisonment, being that the alleged restraint must expose a victim to a risk of serious physical injury. In support of this argument, appellant states that there was no credible evidence shown which would prove that such a risk existed. However, we find that this issue was not properly preserved for our review.

■ Appellant moved for a directed verdict at the close of the Commonwealth's case, alleging insufficiency of the evidence. This motion was properly denied by the trial court as appellant was not entitled to a complete acquittal of all charges in the indictment and all lesser included offenses. *See Campbell v. Commonwealth*, Ky., 564 S.W.2d 528 (1978). In the instant case, appellant made no objection to any of the instructions, thus failing to allow the trial court the opportunity to pass on the issue, and leaving the issue unpreserved. RCr 9.54(2).

■ Furthermore, this Court has held that a "motion for a directed verdict made at the close of the plaintiff's ... case is not sufficient to preserve error unless renewed at the close of all the evidence...." *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525, 529 (1977). There was no such renewal in the case at bar. Appellant argues that our holding in *Dyer v. Commonwealth*, Ky., 816 S.W.2d 647 (1991), should be read as rejecting the holding in *Kimbrough* which mandates a renewal of the directed verdict motion. However, as *Dyer* was a plurality opinion with the majority of the Court rejecting such a limitation on *Kimbrough*, *Dyer* does not control this issue. Noting that some confusion has been caused by that portion of *Dyer* which contradicts our holding in *Kimbrough*, we now expressly reject the proposition that a directed verdict motion not renewed at the close of all of the evidence is sufficient to preserve insufficiency of the evidence issues for appellate review. In so doing, we hereby overrule that portion of *Dyer* which is in conflict with the ruling laid down in *Kimbrough*. A defendant must renew his motion for a directed verdict, thus allowing the trial court the opportunity to pass on the issue in light of all the evidence, in order to be preserved for our review.

■ Even on the merits of the insufficiency argument, appellant fails to demonstrate that the Commonwealth did not meet its burden. The Commonwealth presented evidence of the risk of serious physical harm through the testimony of several witnesses. The testimony revealed, among other things, that L.T. actually received bodily injuries, that she was threatened by appellant, and that when abducted, L.T.'s feet were seen dangling out of an open door of the vehicle as it sped away.

■ When ruling on directed verdict motions, a trial court must assume evidence to be true, taking all evidence in the light most favorable to the person opposing the directed verdict motion, and leaving questions of weight and credibility to the jury. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). Further, on appeal, "the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id.* at 187 (citing *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983)). In the case at bar, the Commonwealth produced more than a mere scintilla of evidence and therefore, there was no error on the part of the trial court in its ruling on this motion. The Commonwealth carried its burden to the extent necessary to withstand directed verdict.

■ The second allegation of error by appellant concerns two statements of the prosecutor during his closing argument. It is argued that the prosecutor misstated facts in evidence when he characterized appellant's statement to police as indicative of appellant's intention to abduct L.T., and by using

the words "kidnap" and "abduct". Appellant objected to each of the alleged misstatements, with the first occasion resulting in a favorable ruling and being successful in making the prosecution rephrase its argument. The second objection was overruled as the wording was said to be a fair comment on the evidence.

After rulings were made on the objections and relief was granted, appellant requested no further relief. As we stated in *West v. Commonwealth*, Ky., 780 S.W.2d 600, 602 (1989), a party is under a "duty to make 'known to the court the action he desires the court to take or his objection to the action of the court....' Failure to comply with this rule renders an error unpreserved." *See also* RCr 9.22. In the absence of a request for further relief, it must be assumed that appellant was satisfied with the relief granted, and he cannot now be heard to complain.

For the foregoing reasons, the judgment and sentence of the Jefferson Circuit Court is affirmed.

All concur, except COOPER, J., who concurs in result only.