David Eugene THACKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2002–CA–000984–MR.

Court of Appeals of Kentucky.

Sept. 12, 2003.

---

11. RCr 9.22; *Johnson v. Commonwealth*, Ky., 505 S.W.2d 470, 471 (1974).

Bobby Amburgey, Lexington, KY, for Appellant.

Albert B. Chandler III, Attorney General, J. Gary Bale, Assistant Attorney General, Frankfort, KY, for Appellee.

Before BAKER, BARBER and JOHNSON, Judges.

*OPINION*

JOHNSON, Judge.

David Eugene Thacker has appealed from a final judgment and sentence of imprisonment entered by the Fayette Circuit Court on April 23, 2002, convicting him of escape in the second degree[1] and as being a persistent felony offender in the first degree (PFO I).[2] Having concluded that Thacker was not entitled to dismissal of the charges pursuant to KRS 500.110 and that his convictions were supported by the evidence, we affirm.

On June 28, 1994, Sergeant Richard Kukuk of the Fayette County Detention Center filed a criminal complaint against Thacker for committing the offense of escape in the second degree. In support of this criminal complaint, Sergeant Kukuk alleged that, on June 28, 1994, Thacker

---

1. Kentucky Revised Statutes (KRS) 520.030.

2. KRS 532.080(3).

failed to return to the Fayette County Detention Center from his work release assignment at 5:00 p.m. as required. As a result of this criminal complaint, a Fayette District Judge issued a warrant for Thacker's arrest on June 28, 1994.

After learning that Thacker was an inmate at the Lee Adjustment Center, the Fayette County Sheriff transmitted a detainer, accompanied by the June 28, 1994, criminal complaint and arrest warrant, to that facility on August 31, 2000. The Lee Adjustment Center acknowledged receipt of this detainer from the Fayette District Court on September 7, 2000.

On August 9, 2001, Thacker filed a motion to dismiss the criminal complaint with the Fayette Circuit Court. In his motion, Thacker acknowledged that a detainer had been issued against him and lodged with the Lee Adjustment Center. Thacker claimed that in August 2000 he had filed an uncontested motion for disposition of this pending charge[3] pursuant to KRS 500.110 in the Fayette Circuit Court. Thacker was arraigned in Fayette District Court on August 31, 2001. The district court passed Thacker's motion to dismiss to the circuit court and this matter was bound over to a Fayette County grand jury. On October 9, 2001, the grand jury indicted Thacker for escape in the second degree and as being a PFO I. During his initial appearance in circuit court, Thacker entered a plea of not guilty to both charges.

On January 20, 2002, the circuit court held a hearing concerning Thacker's motion to dismiss. At this hearing, Thacker testified that after being served this detainer, he directed a prison legal aide to submit documents requesting a speedy trial on his pending escape charge. While unable to produce a copy of this motion, Thacker produced records from the Lee Adjustment Center's legal mail log verifying that these documents were mailed to Fayette Commonwealth's Attorney Ray Larson and Fayette Circuit Court Clerk Robert True on October 13, 2000. Accordingly, Thacker acknowledged that the speedy trial motion he executed had been sent to circuit court officials rather than district court officials. However, Thacker stated that he had entrusted this matter to his legal aide because he did not know which court had jurisdiction and because the escape charge was a felony.

Thacker's trial counsel argued that Thacker had substantially complied with KRS 500.110 by mailing his motion for a speedy trial to the circuit court officials and that these officials had a good faith obligation to forward this speedy trial request to the district court officials. The circuit court denied Thacker's motion to dismiss, ruling that KRS 500.110 required Thacker to forward his request for a speedy trial to district court officials since the detainer originated from that court.

This matter proceeded to trial on March 21, 2002. The Commonwealth called three witnesses to testify concerning the circumstances surrounding Thacker's alleged escape. Linda Black, chief deputy clerk for the criminal division of Fayette Circuit Court, testified that according to court records Thacker had been convicted on June 13, 1994, by the Fayette Circuit Court of the amended misdemeanor charge of receiving stolen property[4] and was sentenced to serve eight months in the Fayette County Detention Center, but that he had been granted work release privileges. Black further testified that an arrest warrant for Thacker had been issued for the

---

3. This motion is not contained in the written or videotaped record of this matter.

4. KRS 514.110.

escape charge at issue herein based upon Sergeant Kukuk's criminal complaint. According to Black, this warrant was not served upon Thacker until August 31, 2000.

Next, Sergeant Kukuk testified that he obtained the criminal complaint against Thacker on June 28, 1994, after Thacker had failed to return to the detention center following his work release assignment. Sergeant Kukuk admitted that he possessed no specific or independent recollection of the events that caused him to file the criminal complaint against Thacker.

Lieutenant Brian Proffitt of the Lexington–Fayette Urban County Government's Division of Community Corrections testified that he had been personally notified on June 28, 1994, that Thacker had failed to return to the detention center from his employment as a maintenance worker at the Campbell House Inn Golf Course. Upon learning of Thacker's absence, Lieutenant Proffitt contacted the golf course, but he was unable to locate Thacker. Since Lieutenant Proffitt was going off duty, Sergeant Kukuk was dispatched to obtain the criminal complaint against Thacker. On cross-examination, Lieutenant Proffitt admitted that his recollection concerning these events was vague and that his testimony was based upon Thacker's booking records maintained by the Fayette County Detention Center. However, Lieutenant Proffitt also testified that he was personally familiar with Thacker, that Thacker's booking records consistently and accurately identified Thacker, and he identified Thacker at trial. Moreover, Lieutenant Proffitt acknowledged that it was his responsibility to prepare and maintain records concerning inmates lodged in the Fayette County Detention Center and that he was responsible for the prepara-

tion and maintenance of Thacker's booking records.

Based upon this evidence, the jury convicted Thacker of escape in the second degree and as being a PFO I. The jury recommended a five-year prison sentence on the escape conviction, which was enhanced by the PFO I conviction to a sentence of 15 years. The circuit court followed the jury's sentencing recommendation when it sentenced Thacker on April 23, 2002. This appeal followed.

█ Thacker first claims the circuit court erred by not granting his motion to dismiss the underlying escape charge because the Commonwealth failed to comply with the requirements of KRS 500.110, which provides as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days *after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction* written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance [emphasis added].

In *Huddleston v. Jennings,*[5] a panel of this Court interpreted the phrase " 'the prosecuting officer and the appropriate

**5.** Ky.App., 723 S.W.2d 381 (1986).

court of the prosecutor's jurisdiction'" to mean the prosecutorial office which has lodged the detainer and the court in which the entered indictment, information or complaint forming the basis for the detainer was pending when the detainer was lodged.[6] In the case *sub judice,* it is undisputed that Thacker's detainer was based on an arrest warrant issued by the Fayette District Court because of a criminal complaint filed in that court by Sergeant Kukuk, and that the Lee Adjustment Center had acknowledged that the detainer was from the district court. Thus, Thacker was required to make his request for final disposition of the criminal complaint to the Fayette District Court and to the Fayette County Attorney who is the normal prosecuting officer in that court.[7]

Thacker's position would be correct if the detainer had been based upon the indictment issued by the Fayette County grand jury on October 9, 2001. This Court addressed this issue in *Huddleston:*

> Where there has been a later indictment as a result of which the detainer charge is no longer pending in the lower court, it does not seem an unreasonable burden to place on the county attorney to forward the request to the Commonwealth attorney, and upon the district court to forward the request to the circuit court. *See* e.g. KRS 15.725(3). To require another request to be made by the prisoner once he discovers the charge is now pending in another court would inevitably result in delays defeating the very purpose of the statute. We believe the intent of the statute is that the 180 days begin to run once an otherwise proper request is made to the court in which the detainer charge was pending when lodged and to the normal prosecutor in that court. An indictment on the same charge subsequent to the lodging of the detainer would not require that the request be made to the circuit court and the Commonwealth attorney unless the indictment had become the basis for the detainer. If, however, the subsequent indictment is known to the prisoner, there appears no sound reason why he should not be entitled to make his request directly to the circuit court and Commonwealth's attorney.[8]

Thacker failed to comply with KRS 500.110 since the basis for his detainer was the criminal complaint and arrest warrant issued by the Fayette District Court. Thacker was served with the arrest warrant and the criminal complaint, both of which clearly indicated that the charge was pending in district court, not circuit court. At no time was this detainer based upon the October 9, 2001, indictment from the Fayette Circuit Court. The circuit court properly denied Thacker's motion to dismiss.

 Thacker next claims that the trial court erred by denying his motion for a directed verdict of acquittal based on the Commonwealth's failure to produce a witness at trial who possessed any actual memory of Thacker's escape from the Fayette County Detention Center. In *Commonwealth v. Benham,*[9] the Supreme Court of Kentucky noted the standard for review of a motion for a directed verdict:

---

6. *Id.* at 382.

7. KRS 15.725(2) states that the county attorney shall attend district court and prosecute all violations subject to the jurisdiction of the district court.

8. *Huddleston,* 723 S.W.2d at 383.

9. Ky., 816 S.W.2d 186 (1991).

On a motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.[10]

When considering a criminal defendant's motion for a directed verdict of acquittal, the trial court must not substitute its own opinion about the credibility of witnesses or the weight that should be given to the evidence presented, since "[q]uestions of credibility and weight of the evidence are for the jury." [11] In addition, the standard for appellate review concerning the denial of a motion for a directed verdict of acquittal dictates that, if under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, the defendant is not entitled to a directed verdict of acquittal.[12] A conviction may properly be based on circumstantial evidence when that evidence is of such character that reasonable minds would be justified in concluding that the defendant was guilty beyond a reasonable doubt.[13]

In the case *sub judice*, it is not disputed that Black and Sergeant Kukuk possessed no actual knowledge of the facts surrounding Thacker's failure to return to the detention center after work. Lieutenant Proffitt was the only witness to testify that he remembered the events concerning Thacker's escape. While Lieutenant Proffitt admitted that his memory of the escape was vague, he identified Thacker during trial and testified that he, in fact, investigated Thacker's failure to return to the detention center. Lieutenant Proffitt also testified that most of the information concerning his investigation of Thacker's escape from custody came from his review of the actual booking records of the Fayette County Detention Center that he prepared during the normal course of his employment. Furthermore, these booking records, according to Lieutenant Proffitt, are required to be maintained indefinitely.

Under KRE 803(6), a business record is admissible where both the maker of the record and the person providing the information for the record were acting under a business duty to do so and it was the regular practice of the business in question to make the memorandum, report or record.[14] Here, Lieutenant Proffitt's testimony established that he had a duty to maintain these booking records and that he kept these records pursuant to the detention center's normal operating procedures. These booking records were available at

**10.** *Benham*, 816 S.W.2d at 187. *See also Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983).

**11.** *Brown v. Commonwealth*, Ky., 789 S.W.2d 748, 750 (1990). *See also Partin v. Commonwealth*, Ky., 918 S.W.2d 219 (1996).

**12.** *Benham*, 816 S.W.2d at 187; *Baker v. Commonwealth*, Ky., 973 S.W.2d 54, 55 (1998).

**13.** *Baker v. Commonwealth*, Ky., 860 S.W.2d 760 (1993); *Bussell v. Commonwealth*, Ky., 882 S.W.2d 111, 114 (1994), *cert. denied*, 513 U.S. 1174, 115 S.Ct. 1154, 130 L.Ed.2d 1111 (1995).

**14.** *Rabovsky v. Commonwealth*, Ky., 973 S.W.2d 6, 10 (1998).

trial and could have been admitted into evidence. A party presenting a business record is permitted to read from that business record at trial.[15] Thus, the evidence was sufficient to induce a reasonable jury to believe beyond a reasonable doubt that Thacker was guilty.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

---

15. *Id.; Jones v. Commonwealth,* Ky.App., 907 S.W.2d 783 (1995).