**Thomas WRIGHT, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–SC–000509–MR.

Supreme Court of Kentucky.

Nov. 21, 2007.

---

Donna L. Boyce, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, Thomas Wright, was convicted by a Whitley Circuit Court jury in August 2005 of first-degree robbery and criminal attempt to commit murder. For these crimes Appellant was sentenced to two consecutive twenty-year terms. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

Appellant asserts two arguments in his appeal: 1) that the trial court improperly denied his motion for a directed verdict on the attempted murder charge and 2) that the trial court improperly denied Appellant a jury determination on an element that increases the punishment for his crime by determining that a pistol is a deadly weapon as a matter of law. For the reasons set forth herein, we affirm Appellant's convictions.

On or about the night of February 7, 2004, a Shell gas station in Corbin, Kentucky, was robbed. Bradley Hubbs, the cashier on duty that evening, testified at trial that Appellant walked into the gas station, pointed a pistol at him, and demanded he open the cash register drawer and leave. Hubbs was shocked by Appellant's behavior because he was a regular customer of the gas station. Hubbs opened the cash register and prepared to leave. However, Hubbs testified that, before he could leave the gas station, Appellant fired three shots in his general direction. Evidence from the crime scene indicates that one of the shots hit four feet above Hubbs's head, another shot went far left of where Hubbs was standing, and unfortunately the last shot hit Hubbs in the arm. Presumably because of the shock of being shot, Hubbs lost consciousness. Once Hubbs regained consciousness, it was discovered that all of the money was missing from the cash register.

After the robbery the police located Appellant. The police searched his room and found $153 under his mattress. Some of the money had blood on it. A gun, which ballistics testing linked to the robbery, was located in Appellant's room as well. His clothes had Hubbs's blood on them.

**I. The trial court properly denied Appellant's motion for directed verdict on the attempted murder charge**

At the conclusion of the prosecution's case, Appellant's counsel made a motion for a directed verdict of acquittal on the attempted murder charge, reasoning that the prosecution failed to establish Appellant's intent to commit this crime. However, Appellant's counsel failed to renew this motion at the close of all of the evidence. Since he failed to renew his motion at the close of all evidence, this issue is unpreserved. *Kimbrough v. Commonwealth*, 550 S.W.2d 525, 529 (Ky.1977): *see also Baker v. Commonwealth*, 973 S.W.2d 54, 55 (Ky.1998) ("A defendant must renew his motion for a directed verdict, thus allowing the trial court the op-

portunity to pass on the issue in light of all of the evidence, in order to be preserved for our review."). However, this Court will review for palpable error. RCr 10.26. Therefore, only upon a showing that there was an error causing manifest injustice may relief be granted to Appellant. *Id.*

Appellant argues that there was inadequate evidence to prove that he intended to kill Hubbs. *See* KRS 506.010(1) ("A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime he ... intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or ... intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime."). Appellant believes that since there is no direct evidence showing he wanted to kill Hubbs, we must review the circumstances surrounding the act to determine his intent. Appellant cites to the fact that he never threatened to kill Hubbs and that several of the fired bullets hit far away from Hubbs to show that the circumstances do not support the inference that he intended to kill Hubbs.

 A trial court's decision regarding a directed verdict motion is reviewed under the standard articulated in *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky. 1991):

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony. On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Id.* at 187.

Using this standard, the trial court properly denied Appellant's motion for a directed verdict of acquittal. The facts show that Appellant did fire his gun in the general direction of Hubbs several times. While two of the bullets missed Hubbs by a wide margin, one of the bullets hit him. Appellant's repeated firing of his pistol was "a substantial step in a course of conduct planned to culminate in his [murdering Hubbs]." KRS 506.010. Additionally, since one of the bullets actually hit Hubbs, a jury could reasonably find that Appellant had the specific intent to kill Hubbs. *See Anastasi v. Commonwealth*, 754 S.W.2d 860, 862 (Ky.1988) ("Intent can be inferred from the actions of an accused and the surrounding circumstances. The jury has wide latitude in inferring intent from the evidence."). Thus, there is nothing remotely close to palpable error here.

## II. The trial court committed harmless error by determining as a matter of law that a pistol is a deadly weapon

 Appellant's other allegation of error is that his conviction for first-degree robbery must be vacated because the trial court improperly denied him a jury determination on each and every element of the crime. A person is guilty of first-degree robbery when:

> in the course of committing a theft, he uses or threatens the immediate use of physical force upon another person with

the intent to accomplish the theft and when he: a) Causes physical injury to any person who is not a participant in the crime; or b) Is armed with a deadly weapon; or c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

KRS 515.020(1). Appellant argues that the jury instruction given on first-degree robbery determined as a matter of law that Appellant was armed with a deadly weapon by carrying a pistol. The instruction given to the jury was:

> You will find the Defendant guilty of First–Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or about February 7, 2004, and before the finding of the Indictment herein, he stole money from Bradley Shane Hubbs or Hubbs' employer;
>
> B. That in the course of so doing and with intent to accomplish the theft, he used or threatened the immediate use of physical force upon Bradley Shane Hubbs; and
>
> C. That when he did so, he was armed with a pistol.

The subsequent jury instruction did provide a definition for "deadly weapon" but did not tie it into the instruction for first-degree robbery. Appellant argues that this instruction was erroneous because juries are required to decide the factual components of essential elements of a crime. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Hence, since the jury instruction indicated that if Appellant carried a pistol the deadly weapon requirement would be satisfied, Appellant argues error was committed.

■ An essential element of a first-degree robbery charge is that the perpetrator must be armed with a deadly weapon. This element consists of two questions: "1) whether the defendant was armed with the object in question, and 2) whether that object is a deadly weapon." *Thacker v. Commonwealth*, 194 S.W.3d 287, 290 (Ky. 2006). Based on the structure of the jury instruction in this case, it appears that the jury was only allowed to make a determination on whether Appellant was carrying the object in question and that the judge presupposed that the object was a deadly weapon. We have previously found this to be error. *Id.* An acceptable jury instruction for first-degree robbery based on the facts in this case would have read:

> You will find the Defendant guilty of first-degree robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or about _____, and before the finding of the Indictment herein, he stole money from _____;
>
> B. That in the course of so doing and with intent to accomplish the theft, he used or threatened the immediate use of physical force upon; and
>
> C. That when he did so, he was armed with a pistol.
>
> D. That the pistol is a deadly weapon as defined in Instruction No. _____.

The jury instructions would then include with other definitions the proper definition of a deadly weapon from KRS 500.080. In this case that language would be, "A deadly weapon is defined as including any weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged."

We recognize that this jury instruction is different than the recommended jury

instruction for first-degree robbery provided in *Thacker, supra.* However, we believe that this jury instruction is easier for a jury to understand and still allows the jury to determine the essential elements of the offense as was our concern in *Thacker. Id.* at 291.

 An error regarding an erroneous jury instruction that omits an essential element of the offense is subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Thacker,* 194 S.W.3d at 291. As long as it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty" an actual jury finding on that element is not mandated and an appellate court can find the error harmless. *Neder,* 527 U.S. at 18, 119 S.Ct. at 1838. In this matter it is beyond question that the jury would have found the pistol carried by Appellant to be a deadly weapon. *See Thacker,* 194 S.W.3d at 291 ("there is little doubt that the jury would have found a .22–caliber revolver to be a deadly weapon."). Not only is it common knowledge that pistols are deadly weapons, but the pistol in this case was fired, seriously injuring Hubbs. Thus, the error is harmless.

For the reasons set forth herein, the judgment and sentence of the Whitley Circuit Court is affirmed.

All sitting. All concur.