# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0567-MR

MARGIE J. JOHNSON                                                 APPELLANT

ON APPEAL FROM LOGAN CIRCUIT COURT
V.                    HONORABLE TYLER L. GILL, JUDGE
NO. 18-CR-00212

COMMONWEALTH OF KENTUCKY                                           APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

A Logan Circuit Court jury convicted Appellant, Margie J. Johnson, of

one count of wanton murder; two counts of wanton endangerment, and one

count each of operating a motor vehicle under the influence of alcohol,

operating on a suspended license, tampering with a witness, falsely reporting

an incident, failure to yield right-of way, and failure to maintain required

insurance. Following the recommendation of the jury, the trial court sentenced

Johnson to twenty years' imprisonment. She now appeals as a matter of right.[1]

---

[1] Ky. Const. § 110(2)(b) ("Appeals from a judgment of the Circuit Court imposing a sentence of...imprisonment for twenty years or more shall be taken directly to the Supreme Court.").

Johnson asserts a single claim of error: the trial court erred in denying her motion for a directed verdict as to murder because the Commonwealth failed to prove that she acted with extreme indifference to the value of human life. After review, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

This case arises out of a fatal traffic accident in Logan County. Johnson was driving westbound on Stevenson Mill Road with her two minor children as her passengers. Johnson then came to an intersection and drove across the highway without yielding to oncoming traffic. As she crossed the intersection, Johnson struck a blue van traveling southbound along the highway. The collision caused the van to skid and flip over the adjacent guard rail. The van's driver, Carl Hodges, was ejected from the vehicle, suffering fatal injuries.

At the scene of the accident, Johnson falsely informed police that she had been traveling southbound when Hodges' blue van appeared suddenly and struck the vehicle. Additionally, she claimed that her 15-year-old son had been driving at the time of the accident. Her son immediately objected, prompting the police to conduct a series of field sobriety tests, which Johnson failed. Shortly thereafter, Johnson was taken to the hospital and her blood was drawn for testing. The blood test revealed that her blood alcohol level was .242 grams per 100 ml of blood, over three times the legal limit.

Johnson was indicted of murder, two counts of wanton endangerment, one count of operating a motor vehicle under the influence of alcohol, one

2

count of operating on a suspended license, one count of tampering with a witness, one count of falsely reporting an incident, one count of failing to maintain insurance, and one count of disregarding a stop sign[2].

At the close of the Commonwealth's case, Johnson moved for a directed verdict on all counts, including the charge of wanton murder. Specifically, Johnson argued that the Commonwealth failed to prove that she had acted with "extreme indifference to the value of human life." The trial court denied this motion. During her case, Johnson introduced a toxicology report showing that the only drug in her system at the time of the accident was alcohol.[3] Johnson failed to renew the motion for directed verdict at the close of all the evidence.

The jury found Johnson guilty on all counts. By agreement of both parties, the court sentenced Johnson to the minimum on all charges, resulting in a sentence of 20 years' imprisonment. This appeal follows.

Additional facts are included below as necessary.

## II. ANALYSIS

### A. The trial court did not err in denying Johnson's motion for directed verdict.

---

[2] The stop sign charge was later amended to reflect the evidence presented at trial that Johnson stopped at a stop sign but failed to yield the right of way to oncoming traffic. Each of these offenses is governed by the same statute, KRS 189.330.

[3] In addition to the lab report, the parties stipulated that Johnson was not pregnant at the time of the accident and that Johnson was not under the influence of a drug other than alcohol.

### 1. *Preservation*

At the threshold, we note that Johnson failed to preserve her motion for directed verdict when she did not renew her motion at the conclusion of the defense's case-in-chief. Johnson concedes that she did not renew her motion but urges this Court to nevertheless hold that the issue is sufficiently preserved. We decline to do so.

First, Johnson claims that our case law regarding preservation of directed verdict issues contains numerous, severe inconsistencies and requests this Court revisit our precedent to provide guidance. We agree that, at the time Johnson filed her notice of appeal, our precedent in this area failed to provide litigants sufficient guidance on how to preserve issues concerning the denial of directed verdict motions. During the pendency of this appeal, however, this Court decided *Ray v. Commonwealth.*[4] There, we outlined a new standard for preservation of directed verdict issues:

> Accordingly, we now hold that in order to preserve an alleged directed verdict issue for appeal, <u>criminal defendants must</u>: (1) move for a directed verdict at the close of the Commonwealth's evidence; (2) renew the same directed verdict motion at the close of all the evidence, unless the defendant does not present any evidence; and identify the particular charge the Commonwealth failed to prove, and must identify the particular elements of that charge the Commonwealth failed to prove. Criminal defendants may move for directed verdict on one count of a multiple count indictment without rendering the alleged error unpreserved; defendants are not required to move for directed verdict on any lesser included offenses to a particular charge in order to preserve the issue; and, nor are they required to object to instructing the

---

[4] 611 S.W.3d 250 (Ky. 2020).

jury on that particular charge to preserve the alleged directed verdict error.[5]

*Ray* addresses many of the inconsistencies validly raised by Johnson, but it does not excuse Johnson's failure to renew her motion at the close of her case-in-chief. Though *Ray* overrules a sizable portion of our case law on preservation of directed verdict issues, we expressly affirmed and retained the requirement that a defendant must renew her motion for a directed verdict if she introduced evidence in her case-in-chief.[6] In contrast to other aspects of the doctrine, we found the requirement of renewal to be "by and large, both frequently and consistently applied."[7] Accordingly, Johnson's failure to renew her motion for directed verdict at the close of her case cannot be excused because the requirement was well-established at the time of her trial and remains established post-*Ray*.

Second, Johnson urges us to abandon the requirement of renewal on constitutional grounds. It is axiomatic that the prosecution must introduce sufficient proof to support a jury finding of guilty beyond a reasonable doubt.[8] Johnson argues that the renewal rule undermines that fundamental guarantee. Under this theory, the failure of the prosecution to introduce sufficient

---

[5] *Id.* at 266 (emphasis in original).

[6] *See Id*

[7] *Id.* at 258 n.25 (outlining numerous cases in which this Court upheld the requirement that a defendant renew her motion for directed verdict to properly preserve it.).

[8] *See Acosta v. Commonwealth*, 391 S.W.3d 809, 819 (Ky. 2013).

5

evidence to prove an element of a criminal charge causes the defendant's due process right to vest at the close of the prosecution's case. The introduction of evidence in the defendant's case, according to Johnson, does not matter because the flaw in the prosecution proof will remain unless it is somehow cured by the defendant's proof. In sum, Johnson asserts that the requirement of renewal harms the defendant's constitutional rights for the failure to take a superfluous action: the constitutional error that they properly objected to persists regardless of whether the defendant introduced further evidence or not.

We note that we have considered and rejected this argument in a prior decision, *Baker v. Commonwealth*.[9] There, the defendant, relying on our plurality opinion in *Dyer v. Commonwealth*[10], argued that one should only be required to renew their directed verdict motion when the evidence introduced subsequent to the defendant's motion for a directed verdict cured the prosecution's failure to introduce sufficient evidence.[11] We rejected that argument and clearly rejected *Dyer*.[12]

---

[9] 973 S.W.2d 54 (Ky. 1998) (overruled on other grounds by *Ray v. Commonwealth*, 611 S.W.3d 250 (Ky. 2020)).

[10] 816 S.W.2d 647 (Ky. 1991) (overruled by *Baker v. Commonwealth*, 973 S.W.2d at 55).

[11] *Baker*, 973 S.W.2d at 54-55.

[12] *Id.*

6

"Stare decisis is a doctrine which has real meaning to this Court."[13] Although "the doctrine of stare decisis does not commit us to the sanctification of ancient [or relatively recent] fallacy,"[14] we will faithfully apply precedent unless "sound reasons to the contrary" justify departure.[15] Only in cases where a common law rule has proven to be anomalous, unworkable, or contrary to public policy, will we overturn settled law.[16]

Here, departure is not warranted. The requirement that an issue be preserved is a fundamental tenet of appellate procedure; an appellate court—generally—lacks jurisdiction to review issues not raised or considered before the trial court.[17] "The critical point in preservation of an issue remains: was the question fairly brought to the attention of the trial court."[18] The requirement of renewal reinforces this principle: it ensures that the trial judge was afforded an opportunity to pass on the propriety of the motion as the evidence adduced throughout the trial changes.

---

[13] *Gilbert v. Barkes*, 987 S.W.2d 772, 776 (Ky. 1999).

[14] *Morrow v. Commonwealth*, 77 S.W.3d 558, 559 (Ky. 2002).

[15] *See Williams v. Wilson*, 972 S.W.2d 260, 269 (Ky. 1998) (Stephens, C.J. concurring) (quoting *Hilen v. Hays*, 673 S.W.2d 713, 717 (Ky. 1984)).

[16] *D & W Auto Supply v. Dept. of Revenue,* 602 S.W.2d 420, 424 (Ky. 1980).

[17] *See Fischer v. Fischer*, 348 S.W.3d 582 (Ky. 2011) (abrogated on other grounds by *Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018)).

[18] *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 331 (Ky. 2014)(quoting *Lanham v. Commonwealth,* 171 S.W.3d 14, 20-21 (Ky.2005)).

Though we recognize that a defendant assuredly does not intend to present evidence that cures a fatal flaw in her opponent's case, that possibility is not precluded as a matter of logic. Indeed, the presentation of evidence in the defense's case may lead to factual developments—during either cross-examination or the Commonwealth's rebuttal—that, under the totality of the circumstances, are relevant to the court's judgment on a directed verdict motion. Renewal affords the trial court the opportunity to consider that possibility.

Moreover, criminal defendants are protected from a trial court's error affecting substantial, constitutional rights by the palpable error standard. Pursuant to RCr[19] 10.26, an unpreserved error which "affects the substantial rights of a party may be considered by…an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." If a defendant demonstrates that an error threatens their entitlement to due process of law, then reversal is warranted notwithstanding the defendant's failure to preserve. A conviction based on insufficient evidence violates the defendant's due process rights and merits reversal under the palpable error standard.[20]

---

[19] Kentucky Rule of Criminal Procedure.

[20] *Cf. Acosta*, 391 S.W.3d at 819.

In sum, Johnson cannot show that the requirement of renewal should be overruled under principles of *stare decisis*. The rule is not anomalous in consideration of the present state of the doctrine; rather, it is part and parcel with the general requirement that a trial court must have an opportunity to consider an issue prior to appellate review. Further, the rule is not unworkable. To the contrary, it provides a bright-line requirement that may be consistently applied by courts. Finally, to the extent that a trial court improperly denies a motion for directed verdict, the palpable error standard serves to protect the defendant from legitimate infringement on their due process rights. For the foregoing reasons, we reject Johnson's argument that the requirement of renewal be overturned and hold that she failed to preserve her motion for appellate review.

## 2. Directed Verdict

Given that the trial court's alleged error was unpreserved, we undertake review pursuant to the palpable error standard.[21] Thus, Johnson must demonstrate that the trial court's decision to deny her motion for directed verdict affected her substantial rights and that allowing the decision to stand would lead to manifest injustice.

This Court determined the standard trial courts must apply when confronted with motions for directed verdict in *Commonwealth v. Benham*:

---

[21] Johnson properly requests palpable error review as required by RCr 10.26.

9

On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true but reserving to the jury question as to the credibility and weight to be given to such testimony.[22]

On appeal, we must determine "if under the evidence as a whole, it would clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal."[23]

KRS[24] 507.020(1)(b) provides that "a person is guilty of murder when… [while operating] a motor vehicle under circumstances manifesting an extreme indifference to human life, he wantonly engages in conduct which creates a grave risk of death to another and thereby causes the death of another person." "Extreme indifference to human life" lacks precise definition under our case law. In lieu of a (checklist of factors) establishing wantonness, the finder of fact must examine the facts of each case under the totality of the circumstances."[25]

As both parties indicate, many of our DUI-related wanton murder cases employ a "drunkenness-plus" framework to determine if the defendant acted

---

[22] 816 S.W.2d 186, 187 (Ky. 1991).

[23] *Id.*

[24] Kentucky Revised Statutes.

[25] *See Bowling v. Commonwealth,* 553 S.W.3d 231 (Ky. 2018).

with extreme indifference to human life. That is, we look for some indicia of reckless behavior in addition to the fact that the defendant was intoxicated. Thus, in *Hamilton v. Commonwealth,* we determined that a defendant who was drunk, driving with excessive speed, and ran a red light was guilty of wanton murder.[26] Similarly, in *Bowling v. Commonwealth,* we held that the trial court properly denied the defendant's motion for directed verdict when the evidence showed that he was drunk and weaved across the center line.[27]

In this case, the evidence produced by the Commonwealth was of a similar nature to *Hamilton* and *Bowling.* Johnson's blood test revealed that her blood alcohol content was substantially higher than the legal limit. Additionally, eyewitness testimony established that she drove through an intersection into oncoming traffic without regard, ignoring the right-of-way. Finally, while the evidence did not establish that Johnson was traveling in excess of the legal speed limit, she was traveling at sufficient speed to cause the victim's van to flip over an adjacent guard rail and cause significant damage to both vehicles. In consideration of the foregoing evidence and our relevant precedent, a reasonable jury could conclude that Johnson acted with extreme indifference to human life. As a result, we hold that the trial court's

---

[26] 560 S.W.2d 539 (Ky. 1977).
[27] *Bowling,* 553 S.W.3d at 237-38.

11

denial of Johnson's directed verdict motion was not error, let alone palpable error.[28]

### III. CONCLUSION

For the foregoing reasons, the Logan Circuit Court's judgment is hereby affirmed.

All sitting. Minton, C.J.; Hughes, Keller, Lambert, Nickell and VanMeter, JJ., concur. Conley, J., concurs in result only.

COUNSEL FOR APPELLANT:

Aaron Reed Baker
Department of Public Advocacy

COUNSEL FOR APPELLEES:

Daniel J. Cameron
Attorney General of Kentucky

Lauren Rachel Lewis
Assistant Attorney General

---

[28] *See* RCr 10.26